MAYSOUN FLETCHER, ESQ.
Nevada Bar No. 10041
The Fletcher Firm, P.C.
5510 S. Fort Apache Rd.
Las Vegas, Nevada 89148
Tel:    (702) 835-1542
maf@fletcherfirmlaw.com
Attorney for Defendant,
FREDERICK THOMAS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:12-CR-0004-APG-(GWF) |
| Plaintiff, | **STIPULATION AND ORDER RE: RECOMMENDATIONS TO THE BOP FOR DEFENDANT FREDERICK THOMAS** |
| vs. | |
| FREDERICK THOMAS, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between Dayle Elieson, United States Attorney, and Kelly Pearson, Assistant United States Attorney, counsel for the United States of America, and Maysoun Fletcher, Esq., counsel for the defendant, Frederick Thomas, that the parties respectfully request this Court's recommendation to the Bureau of Prisons (BOP) to immediately turn over Mr. Thomas to the United States Probation Office's (USPO) Monitored Home Confinement in Orlando, Florida ("supervised house arrest").

The Stipulation is entered into for the following reasons:

1.  On December 17, 2014, after Defendant had plead guilty without the benefit of a plea agreement, he was convicted of violating one count of 18 USC §1962(c), Participation in a Racketeer Influenced Corrupt Organization and one count of 18 USC § 1962(d), Conspiracy Engage in a Racketeer Influenced Corrupt Organization. (ECF No. 874).Defendant was sentenced

to 60 months imprisonment (per count, to run concurrently), a specialassessment of $200, and restitution of $50,893,166.35. (*Id.,* pp. 2 and 5.)

2. While incarcerated, Mr. Thomas successfully completed the BOP's500 hour Residential DrugAbuse Program (RDAP)(See **Exhibit A**) and was approvedon January 19, 2018 to be released to a Residential Reentry Center on March 27, 2018 (**Exhibit B**). However, just prior to his release, he was informed of a new indictment[1] and a few days later picked up by the US Marshalls for his initial arraignment and detention hearing.

3. On April 13, 2018, a detention hearing was held on his new case[2]where it was ordered that Mr. Thomas be released on a personal recognizance bond with conditions (please see ECF 383, attached as **Exhibit C**).

4. Since his personal recognizance release on April 13, 2018, the BOP has not released him to the halfway house, as previously approved, due to the pending indictment.

5. But for the new Indictment, Mr. Thomas was scheduled to be released to a halfway house on March 27, 2018 and fully released from BOP custody on July 24, 2018[3].

6. Mr. Thomas' continued imprisonment in Montgomery Federal Prison Camp ("Montgomery FPC") has deprived him of his good time credit earned from completion of the RDAP program[4], has caused extreme strain on the attorney/client relationship, and made it tremendously difficult for counsel to communicate with Mr. Thomas and effectively represent him.

---

[1]On January 30, 2018, Mr. Thomas, along with 35 other co-defendants, was indicted in this Court for one count of Racketeering, in violation of 18 U.S.C. 1962(c) in Case No. 2:17-cr-00306-JCM-PAR-06 [ECF 188]. The new Indictment alleges that Mr. Thomas became a member of the organization in November of 2011 (ECF 188, pp. 15, No. 7).

[2] Case No. 2:17-cr-00306-JCM-PAR-06

[3]See **Exhibit D**, Inmate Skills Development Plan, Program Review 10-31-17 showing his projected release of 7-24-18.

[4] See **Exhibit D**.

7.   The parties would like to effectuate Mr. Thomas' release on house arrest under the supervision of the United States Probation Department.

8.   Therefore, the parties respectfully request this Court's assistance and recommendation to the BOP for Mr. Thomas' immediate release from Montgomery FPC and placement on house arrest in Orlando, Florida under the supervision of the United States Probation Department for the duration of his prison sentence[5].

Dated this 7th day of September, 2018.

    /s/  Kelly Pearson                        /s/ Maysoun Fletcher
**Kelly Pearson, Esq.**                    **Maysoun Fletcher, Esq.**
Deputy Chief                               5510 South Fort Apache Road
Organized Crime and Gang Section           Las Vegas, Nevada 89148
1301 New York Avenue, N.W.                 Attorney for Defendant, Frederick Thomas
Washington, D.C. 20005

---

[5] Mr. Thomas' mother, sister, girlfriend, children, and employer are all located in Orlando, Florida.

3

MAYSOUN FLETCHER, ESQ.
Nevada Bar No. 10041
The Fletcher Firm, P.C.
5510 S. Fort Apache Rd.
Las Vegas, Nevada 89148
Tel:    (702) 835-1542
maf@fletcherfirmlaw.com
Attorney for Defendant,
FREDERICK THOMAS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:12-CR-0004-APG-(GWF) |
| Plaintiff, | |
| vs. | |
| FREDERICK THOMAS, | |
| Defendant. | |

**<u>FINDINGS OF FACT</u>**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds:

This Stipulation is entered into for the following reasons:

1.   On December 17, 2014, after Defendant had plead guilty without the benefit of a plea agreement, he was convicted of violating one count of 18 USC §1962(c), Participation in a Racketeer Influenced Corrupt Organization and one count of 18 USC § 1962(d), Conspiracy Engage in a Racketeer Influenced Corrupt Organization. (ECF No. 874). Defendant was sentenced to 60 months imprisonment (per count, to run concurrently), a special assessment of $200, and restitution of $50,893,166.35. (*Id.,* pp. 2 and 5.)

2.   While incarcerated, Mr. Thomas successfully completed the BOP's 500 hour

4

Residential Drug Abuse Program (RDAP) (See **Exhibit A**) and was approved on January 19, 2018 to be released to a Residential Reentry Center on March 27, 2018 (**Exhibit B**). However, just prior to his release, he was informed of a new indictment[6] and a few days later picked up by the US Marshalls for his initial arraignment and detention hearing.

3.  On April 13, 2018, a detention hearing was held on his new case[7] where it was ordered that Mr. Thomas be released on a personal recognizance bond with conditions (please see ECF 383, attached as **Exhibit C**).

4.  Since his personal recognizance release on April 13, 2018, the BOP has not been able to place him in a halfway house due to the pending indictment.

5.  But for the new Indictment, Mr. Thomas was scheduled to be released to a halfway house on March 27, 2018 and fully released from BOP custody on July 24, 2018[8].

6.  Mr. Thomas' continued imprisonment in Montgomery Federal Prison Camp ("Montgomery FPC") has deprived him of his good time credit earned from completion of the RDAP program[9], has caused extreme strain on the attorney/client relationship, and made it tremendously difficult for counsel to communicate with Mr. Thomas and effectively represent him.

7.  The parties would like to effectuate Mr. Thomas' release on house arrest under the supervision of the United States Probation Department.

8.  Therefore, the parties respectfully request this Court's assistance and recommendation

---

[6]On January 30, 2018, Mr. Thomas, along with 35 other co-defendants, was indicted in this Court for one count of Racketeering, in violation of 18 U.S.C. 1962(c) in Case No. 2:17-cr-00306-JCM-PAR-06. (ECF 188). The new Indictment alleges that Mr. Thomas became a member of the organization in November of 2011 (ECF 188, pp. 15, No. 7).

[7] Case No. 2:17-cr-00306-JCM-PAR-06

[8]See **Exhibit D**, Inmate Skills Development Plan, Program Review 10-31-17 showing his projected release of 7-24-18.

[9] See **Exhibit D**.

to the BOP for Mr. Thomas' immediate release from Montgomery FPC and placement on house arrest in Orlando, Florida under the supervision of the United States Probation Department for the duration of his prison sentence.

### ORDER

**IT IS HEREBY ORDERED** that the Court is aware of its prior sentence of 60 months incarceration in this case; is aware of the new Indictment against Defendant Frederick Thomas under Case Number 2:17-cr-00306-JCM-PAR-06; and pursuant to the stipulation of the Government and Defendant, the Court hereby recommends that the Bureau of Prisons immediately turn over Mr. Thomas to the United States Probation Office's (USPO) Monitored Home Confinement in Orlando, Florida so that he can be on supervised house arrest for the duration of his prison sentence.

IT IS SO ORDERED.

Dated: September 10, 2018.

_____
U.S. DISTRICT COURT JUDGE

# EXHIBIT A

# Certificate of Achievement

Presented to

Frederick Thomas

For successfully completing
the residential portion of the

## Residential Drug Abuse Treatment Program

*This milestone, while significant, is not the completion of the treatment requirements. Frederick Thomas is hereby eligible to move forward to the follow-up and/or community treatment component of RDAP.*

_____ October 3, 2017
Dr. Hughes, Ph.D., DAP Coordinator    Date
FPC Montgomery



**EXHIBIT B**

FURLOUGH APPLICATION - APPROVAL AND RECORD CDFRM

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| Inmate's Name | Register No. | Institution (address and phone number) FPC MONTGOMERY |
|---|---|---|
| THOMAS, FREDERICK | 56341-018 | MONTGOMERY, AL 36112 334-293-2100 |

## APPLICATION

| Purpose of Visit: REC RELEASE | Sentry Assignment: FURL TRANS | Date/Time of Departure: 03/26/18 @ 4:00 AM | Date/Time of Return: N/A |
|---|---|---|---|

Furlough Address (include name of responsible party if applicable):
Kansas City Community Center
1514 Campbell, Kansas City, MO 64108

Telephone No. (including Area Code): (816) 421-6670

| Point of Contact for Emergency: FPC MONTGOMERY 334-293-2100 | Method of Transportation: BUS | Detainer/Pending Charges: Yes __x__ No | Verified by (CSM Staff) ☑ Yes ☐ No |
|---|---|---|---|

NOTE TO APPLICANT: You are reminded that should any unusual circumstances arise during the period of your visit, you should notify the institution immediately at telephone: 334-293-2100

## UNDERSTANDING

I understand that if approved, I am authorized to be only in the area of the destination shown above and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed as escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code. I understand that I may be thoroughly searched upon my return to the institution and that I will be held responsible for any item of contraband or illicit material that is found. I have read or had read to me, and I understand that the foregoing conditions govern my furlough, and will abide by them. I have read or had read to me, and I understand the CONDITIONS OF FURLOUGH as set forth on the reverse of this form.

A. ROBBINS
_____
Witness

Unit Secretary
_____
Title

*F/M/ J Nellar*
Signature of Applicant

1-12-18
Date Signed

## ADMINISTRATIVE ACTION

| Information Verified by | | Title |
|---|---|---|
| Name of USPO Notified | | Date of Notification |

Does USPO Have Any Objections to Furlough?   (If yes, explain)

## APPROVAL

| Approval for the above named Inmate to leave the Institution on a furlough as outlined is hereby granted in accordance with P.L.93-209 and the BOP Furlough Program Statement. The period of furlough is | As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separate Data and I recommend the inmate be approved to participate in this furlough. |
|---|---|
| From 03/26/18 4:00 AM To 03/27/18 9:25 AM | ☑Yes☐ No Signature of CMC *SW,A* |

Chief Executive Officer (Name & Date) - Approval and signature confirms CIM Clearance

☑ Approval      Walter J. Wood, SR, Warden          Date: 1/19/18
☐ Disapproval
Reason(s) for disapproval:

## RECORD

| Date/Time Released: _____ | Date/Time Returned: _____ |
|---|---|

Travel Schedule: Depart Camp @ 4:00 AM (CST) on 03/26/18 via town driver. Depart Montgomery, AL @ 5:00 AM (CST) on 03/26/18 via bus. Arrive in Kansas City, MO @ 7:25 AM (CST) on 03/27/18. Report to RRC facility NLT 9:25 AM (CST) on 03/27/18.

**Last Name**
THOMAS
**First Name**
FREDERICK
**Middle Name**     **Suffix**



12-12-2018

ht. 6' 0"    wt. 175

Hr. BLK    Er. BRO

reg# 56341-018    MON   56341-018  THOMAS

(a) An inmate who violates the conditions of a furlough may be considered an escapee under 18 U.S.C. § 4082 or 18 U.S.C. § 751, and may be subject to criminal prosecution and institution disciplinary action.

(b) A furlough will only be approved if an inmate agrees to the following conditions and understands that, while on furlough, he/she:

   (1) Remains in the legal custody of the U.S. Attorney General, in service of a term of imprisonment;
   (2) Is subject to prosecution for escape if he/she fails to return to the institution at the designated time;
   (3) Is subject to institution disciplinary action, arrest, and criminal prosecution for violating any conditions(s) of the furlough;
   (4) May be thoroughly searched and given a urinalysis, breathalyzer, and other comparable test, during the furlough or upon return to the institution, and must pre-authorize the cost of such test(s) if the inmate or family members are paying the other costs of the furlough. The inmate must pre- authorize all testing fee(s) to be withdrawn directly from his/her inmate deposit fund account;
   (5) must contact the institution (or United States Probation Officer) in the event of arrest, or any other serious difficulty or illness; and
   (6) Must comply with any other special instructions given by the institution.

   Special Instructions:

   It has been determined that consumption of poppy seeds may cause a positive drug test which may result in disciplinary action. As a condition of my participation in community programs, I will not consume any poppy seeds or items containing poppy seeds.
   (Note: Additional conditions may be added to Special Instructions as warranted).

(c) While on furlough, the inmate must not:
   (1) Violate the laws of any jurisdiction (federal, state, or local);
   (2) Leave the area of his/her furlough without permission, except for traveling to the furlough destination, and returning to the institution;
   (3) Purchase, sell, possess, use, consume, or administer any narcotic drugs, marijuana, alcohol, or intoxicants in any form, or frequent any place where such articles are unlawfully sold, dispensed, used, or given away;
   (4) Use medication that is not prescribed and given to the inmate by the institution medical department or a licensed physician;
   (5) Have any medical/dental/surgical/psychiatric treatment without staff's written permission, unless there is an emergency.    Upon return to the institution, the inmate must notify institution staff if he/she received any prescribed medication or treatment in the community for an emergency;
   (6) Possess any firearm or other dangerous weapon;
   (7) Get married, sign any legal papers, contracts, loan applications, or conduct any business without staff's written permission;
   (8) Associate with persons having a criminal record or with persons who the inmate knows to be engaged in illegal activities without staff's written permission;
   (9) Drive a motor vehicle without staff's written permission, which can only be obtained if the inmate has proof of a currently valid driver's license and proof of appropriate insurance; or
   (10) Return from furlough with anything the inmate did not take out with him/her(for example, clothing, jewelry, or books)

I have read, or had read to me, and I understand the above conditions concerning my furlough and agree to abide by them.

Inmate's Signature: _____ Reg. No.: 56341-018 Date: 1-12-19
Signature/Printed Name of Staff Witness ____ A. Robbins
Record Copy - Inmate Central File;
Copy - Control Center, Chief Correctional Services Supervisor, Correctional Systems Department, Inmate Use on Furlough

# EXHIBIT C

AO 98 (Rev. 12/11) Appearance Bond

```
┌─────────────────────────────────┐
│ ___ FILED        ___ RECEIVED    │
│ ___ ENTERED      ___ SERVED ON   │
│         COUNSEL/PARTIES OF RECORD│
│  ┌──────────────────────────┐    │
│  │                          │    │
│  │      APR 1 3 2018        │    │
│  │                          │    │
│  └──────────────────────────┘    │
│     CLERK US DISTRICT COURT      │
│      DISTRICT OF NEVADA          │
│ BY:_____ DEPUTY   │
└─────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **Frederick Thomas** | ) | Case No. 2:17-cr-306-JCM-PAL |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, **Frederick Thomas** (*defendant*), agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )   to appear for court proceedings;

( X )   if convicted, to surrender to serve a sentence that the court may impose; or

( )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(✓)(1)  This is a personal recognizance bond.

( )(2)  This is an unsecured bond of $ _____.

( )(3)  This is a secure bond of $ _____, secured by:

( )  (a) $ _____, in cash deposited with the court.

( )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it - such as a lien, mortgage, or loan - and attach proof of ownership and value):*

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

( )  (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgement of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 2:17-cr-306-JCM-PAL |
| Frederick Thomas | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: ___As Ordered___

*Place*

on ___As Ordered___

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 04/14) Additional Conditions of Release                                                    Page 3 of 6 Pages

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not be itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

**SUPERVISION**

( )   (6)   The defendant is placed in the custody of:
Person or organization _____
Address (*only if above is an organization*) _____
City and state _____    Tel. No. _____
_____    (*only if above is an organization*)
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____    _____
                              *Custodian or Proxy*                                    *Date*

(✓)   (7)   The defendant shall report to:    (✓) **U.S. Pretrial Services Office**   (✓) Las Vegas 702-464-5630  ( ) Reno 775-686-5964
              no later than: _____    ( ) **U.S. Probation Office**          ( ) Las Vegas 702-527-7300  ( ) Reno 775-686-5980
( )   (8)   The defendant is released on the conditions previously imposed.

**BOND**

( )   (9)   The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
( )   (10)  The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____
( )   (11)  The defendant shall execute a bail bond with solvent sureties in the amount of $_____.

**PENDING MATTERS**

( )   (12)  The defendant shall satisfy all outstanding warrants within_____days and provide verification to Pretrial Services or the supervising officer.
( )   (13)  The defendant shall pay all outstanding fines within_____days and provide verification to Pretrial Services or the supervising officer.
( )   (14)  The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised released.

**IDENTIFICATION**

(✓)   (15)  The defendant shall use his/her true name only and shall not use any false identifiers.
( )   (16)  The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**

( )   (17)  The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
( )   (18)  The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
( )   (19)  The defendant shall not obtain a passport or passport card.
(✓)   (20)  The defendant shall abide by the following restrictions on personal association, place of abode, or travel:    -District of Kansas at the halfway house
              Travel is restricted to the following areas:
              ( ) Clark County, NV   ( ) Washoe County, NV   ( ) State of NV   ( ) Continental U.S.A.   (✓) Other   -Travel is restricted to
(✓)   (21)  The defendant may travel to District of Nevada for the purpose of Court only.   Florida once in Florida.

**RESIDENCE**

(✓)   (22)  The defendant shall maintain residence at (✓) current or ( ) at: _____
              and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
( )   (23)  The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
( )   (24)  The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
( )   (25)  The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

**EMPLOYMENT**

(✓)   (26)  The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
( )   (27)  The defendant shall not be employed in, or be present in, any setting directly involving minor children.
( )   (28)  The defendant shall not secure employment in the following field(s): _____
( )   (29)  The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

**EDUCATION/VOCATION**

( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

**CONTACT**

(✔) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____.

(✔) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

**FIREARMS/WEAPONS**

( ) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

**SUBSTANCE ABUSE TESTING AND TREATMENT**

( ) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.

( ) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

( ) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

( ) (41) The defendant shall refrain from any use of alcohol.

( ) (42) The defendant shall refrain from the excessive use of alcohol.

( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

( ) (44) The defendant shall not be in the presence of anyone using or possessing:

    ( ) (44A) A narcotic drug or other controlled substances

    ( ) (44B) Alcohol

    ( ) (44C) Intoxicating substances or synthetics

( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**MENTAL HEALTH TREATMENT**

( ) (47) The defendant shall undergo medical or psychiatric treatment.

( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.

( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Serices or the supervising officer.

**LOCATION MONITORING**

( ) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

    ( ) (50A) Curfew.

        The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.

    ( ) (50B) Home Detention.

        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

    ( ) (50C) Home Incarceration.

        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

AO 199B (Rev. 04/14) Additional Conditions of Release, continued                                                    Pages ‾5‾ of ‾6‾ Pages

( )   (51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and
        instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
          ( ) (51A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
          ( ) (51B) Voice Recognition monitoring.
          ( ) (51C) Radio Frequency (RF) monitoring.
          ( ) (51D) Global Positioning Satelite (GPS) monitoring.
( )   (52) The defendant shall  not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the
        instructions provided by Pretrial Services or the supervising officer.
( )   (53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial
        Services or the supervising officer.

**INTERNET ACCESS AND COMPUTERS**
(✓)   (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World
        Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at
        home, place of employment, or in the community.
( )   (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.
( )   (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

**FINANCIAL**
( )   (57) The defendant shall not obtain new bank accounts or lines of credit.
( )   (58) The defendant shall not act in a fiduciary manner on behalf of another person.
( )   (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
( )   (60) The defendant shall not solicit monies from investors.
(✓)   (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
( )   (62) The defendant shall reimburse the Treasury of the United States for the cost of _____(name of attorney)
        representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:
        _____
        _____

**SEARCH**
( )   (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure
        compliance with these conditions.

**OTHER PROHIBITED ACTIVITIES**
( )   (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
( )   (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult
        entertainment.
( )   (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution,
        manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
( )   (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
( )   (68) All aspects of the _____ dispensary shall be closed.
( )   (69) All promotion, web sites and advertising associated with the establishment should be discontinued.
( )   (70) The defendant shall seek and maintain full time employment outside the field of marijuana and hydroponics.
( )   (71) The defendant shall have no involvement whatsoever iin any medical marijuana program, to include consulting, manufacture, or dispensing of
        controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's
        recommendation.
( )   (72) The defendant shall not visit or associate with any hydroponic, paraphernalial or dispensing stores.
( )   (73) The defendant shall no involvement in the referral of medical marijuana.

**OTHER CONDITIONS**
(✓)   (74) The defendant shall abide by other conditions as noted below:
        -Defendant must not open any new financial accounts.
        _____
        _____
        _____
        _____

AO 199C (Rev. 09/08) Advice of Penalties                                                          Page 6 of 6 Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT: Frederick Thomas.  2:17-cr-306-JCM-PAL

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Las Vegas, NV
_____
*City and State*

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: April 13, 2018

_____
*Judicial Officer's Signature*

Nancy J. Koppe
United States Magistrate Judge
_____
*Printed name and title*

DISTRIBUTION:   COURT      DEFENDANT      PRETRIAL SERVICE   U.S. ATTORNEY      U.S. MARSHAL

# EXHIBIT D



|  |  |  |
|---|---|---|
| **Institution:** | | MONTGOMERY FPC<br>MAXWELL AIR FORCE BASE |
| **Name:** | THOMAS, FREDERICK | MONTGOMERY, AL 36112 |
| **Register Number:** | 56341-018 | (334) 293-2100 |
| **Security/Custody:** | MINIMUM/COM | **Telephone:** |
| **Projected Release:** | 07-24-2018 / 3621E CMPL | **Fax:** 334-293-2329 |

| | | | |
|---|---|---|---|
| **Next Review Date:** | 01-21-2018 | **Driver's License/State:** | / |
| **Next Custody Review Date:** | 06-07-2018 | **FBI Number:** | 115563RB6 |
| **Age/DOB/Sex:** | 37 / 09-23-1980 / M | **DCDC Number:** | |
| **CIM Status:** | Y | **INS Number:** | |
| | If yes, reconciled: Y | **PDID Number:** | |
| | | **Other IDs:** | |

| | | | |
|---|---|---|---|
| **Release Residence:** | Frederick D Thomas, Father<br>12004 E 78TH ST | **Release Employer:** | thru RRC services<br>[Address] |
| | RAYTOWN, MO 64138 | **Contact** | [POC] |
| **Telephone:** | (816) 820-0479 | **Telephone:** | [Phone] |

| | | | |
|---|---|---|---|
| **Primary Emergency Contact:** | Joi Thomas, Sister<br>1212 Fox Grove Court<br>Orlando, FL 32828 | **Secondary Emergency<br>Contact:** | [POC]<br>[Address] |
| **Telephone:** | (310) 461-2097 | **Telephone:** | |

**Mentor Information:**

**Controlling Sentence Information:**

| Offense(s)/Violator Offenses | Sentence | Sentencing Procedure | Supervision Term |
|---|---|---|---|
| | 60 MONTHS | 3559 PLRA SENTENCE | 3 YEARS |

| Controlling<br>Sentence Began | Time Served/Jail<br>Credit/Inoperative Time | Days<br>GCT/EGT/SGT | Days<br>FSGT/WSGT/DGCT | Parole Status | |
|---|---|---|---|---|---|
| 03-20-2015 | 2 YEARS 7 MONTHS<br>16 DAYS / 4 / 0 | 235 / 0 / 0 | 0 / 0 / 0 | **Hearing Date:**<br>**Hearing Type:**<br>**Last USPC Action:** | NOT ENTERED |

**Detainers:** N

**Special Parole Term:** NOT ENTERED
**Pending Charges:** None known
**Cim Status:** Y                                    **Cim Reconciled:** Y

| Financial Responsibility | Imposed | Balance | Case No./Court of Jurisdiction | Assgn/Schedule Payment |
|---|---|---|---|---|
| ASSESSMENT | $200.00 | $0.00 | 2:12-CR-04-APG-GWF-2 Nevada | FINANC<br>RESP-PARTICIPATES<br>50% MONTHLY |
| RESTITUTION FEDERAL<br>VICTIM & NON-FEDERAL<br>VICTIM | $50893166.35 | $50892681.27 | 2:12-CR-04-APG-GWF-2 Nevada | |

| | | | |
|---|---|---|---|
| **Financial Plan** | | **Comm Dep-6 mos:** | $2105.36 |
| **Active:** | Y | **Commissary** | |
| **Financial Plan Date:** | 06-02-2015 | **Balance:** | $22.96 |

**Payments**

**Commensurate:** Y
**Missed:** N

**Judicial Recommendations:** close to Orlando / Work Camp / none

**Special Conditions of** no new credit or online access, access to financial info and computer, no contact with

# INMATE SKILLS DEVELOPMENT PLAN

## PROGRAM REVIEW: 10-31-2017

**Supervision:** codefendants/associates, submit to searches, no f/a or weapons, no aliases, complete offender employment program

| | | | |
|---|---|---|---|
| **USPO Sentencing:** | Chad R. Boardman, Chief<br>Nevada Probation Office<br>Foley Federal Building<br>300 Las Vegas Boulevard South Room 2-240<br>Las Vegas, NV 89101-5813 | **USPO Relocation:** | Kevin Lyon, Chief<br>Missouri Western Probation Office<br>Charles Evans Whittaker United States Courthouse<br>400 East Ninth Street Room 4510<br>Kansas City, MO 64106 |
| **Phone/Fax:** | 702-527-7300 / 702-527-7345 | **Phone/Fax:** | 816-512-1300 / 816-512-1313 |

| Subject to 18 U.S.C. 4042(B) Notification: | N | DNA Required:<br>Treaty Transfer Case: | Y - [Date]<br>[Y,N] |
|---|---|---|---|

**Profile Comments:** none

## EDUCATION DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MON | ESL HAS | ENGLISH PROFICIENT | 03-26-2015 | CURRENT |
| MON | GED HAS | COMPLETED GED OR HS DIPLOMA | 03-26-2015 | CURRENT |

## COMPLETED EDUCATION COURSES

| Course Description | Completion Date | Course Hours |
|---|---|---|
| CREDIT AWARNESS(6-8PM) | 07-03-2017 | 12 |
| JOB FAIR INTERVIEW | 04-03-2017 | 16 |
| BUSINESS DEVELOPMENT (6-8PM) | 04-06-2017 | 24 |
| #6 COMMUNICATION SKILLS (6PM) | 01-31-2017 | 4 |
| PUBLIC SPEAKING I (6PM) | 03-08-2017 | 10 |
| #6 ANGER MANAGEMENT | 03-08-2017 | 8 |
| #2 CAREER PLANNING | 03-03-2017 | 1 |
| #6 VICTIM IMPACT | 03-15-2017 | 0 |
| #3 MONEY MANAGEMENT SKILLS | 02-17-2017 | 1 |
| #6 STRESS MANAGEMENT | 02-10-2017 | 1 |
| #5 RELEASE REQUIREMENTS RPP | 01-24-2017 | 1 |
| #4 QUARTERLY RPP SEMINAR | 01-24-2017 | 6 |
| #2 JOB INFORMATION FAIR | 01-24-2017 | 1 |
| #1 AIDS AWARENESS | 12-13-2016 | 1 |
| REAL ESTATE 2 CLASS @ FPC | 04-08-2016 | 18 |
| CONSUMER CREDIT CLASS @ FPC | 04-08-2016 | 18 |
| REAL ESTATE CLASS @ FPC | 12-29-2015 | 18 |
| BUSINESS DEV. CLASS @ FPC | 12-29-2015 | 18 |
| NON-RES DRUG GROUP | 12-21-2015 | 40 |
| PARENTING CLASS 1 @ FPC | 12-10-2015 | 18 |

| BUSINESS MANAGEMENT CLASS @FPC | 10-02-2015 | 18 |
|---|---|---|
| INTER. PERSONAL FINANCE @ FPC | 10-02-2015 | 18 |
| GRANT WRITING CLASS @ FPC | 06-26-2015 | 18 |
| RPP#1 AIDS AWARENESS | 03-25-2015 | 1 |

**HIGH TEST SCORES**

| Test | Subtest | Score | Test Date | Test Facl | Form | State |
|---|---|---|---|---|---|---|
| Inmate has no score history items in this area | | | | | | |

**WORK DATA**

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MON | ACSC-01 | CUSTODIAL | 10-20-2017 | CURRENT |

**WORK HISTORY**

| Facility | Assignment | Work Assignment Description | Start Date | Stop Date |
|---|---|---|---|---|
| | | Inmate has no work history items in this area | | |

**DISCIPLINE HISTORY**

| UDC / DHO | Hearing Date | Report No. | Prohibited Act / Description | Sanction |
|---|---|---|---|---|
| Inmate has no disciplinary history items in this area | | | | |

**MOVEMENT DATA**

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-29-2017 | CURRENT |

**MOVEMENT HISTORY**

| Facility | Assignment | Start Date | Stop Date |
|---|---|---|---|
| MON | DESIGNATED, AT ASSIGNED FACIL | 04-24-2017 | 08-29-2017 |

**CASE MANAGEMENT ASSIGNMENTS**

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MON | RPP UNT C | RELEASE PREP UNIT PGM COMPLETE | 02-23-2017 | CURRENT |
| MON | THR COMP | THRESHOLD COMPLETED | 04-20-2016 | CURRENT |
| MON | V94 COA913 | V94 CURR OTHER ON/AFTER 91394 | 03-31-2015 | CURRENT |
| MON | RPP PART | RELEASE PREP PGM PARTICIPATES | 03-31-2015 | CURRENT |

**MEDICAL DUTY STATUS ASSIGNMENTS**

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MON | NO PAPER | NO PAPER MEDICAL RECORD | 03-23-2015 | CURRENT |
| MON | YES F/S | CLEARED FOR FOOD SERVICE | 03-23-2015 | CURRENT |

DAILY LIVING          *** Disregard Response Summary and utilize only the Progress & Goals section ***

5.

|  |  |
|---|---|
| | ⊕ housing upon release <br> ① supervision district is a relocation <br> ① anticipated housing plan NOT approved by USPO(s) <br> ① no concerns with anticipated housing plan |
|  | **RESIDENTIAL REENTRY CENTER (RRC) PLACEMENT** <br><br> ① recommended or ordered for RRC placement <br> ① recommended date: 12-05-2017 |
|  | **FAMILY CARE** <br><br> ⊕ not responsible for obtaining child care for any dependent children upon release <br> ⊕ not responsible for obtaining elder care for any dependent(s) upon release <br> ⊕ not responsible for obtaining any other special services for dependents upon release |

| Progress and Goals |
|---|

**Previous TEAM 10-31-2017**

No recommendations at this team.

**Current TEAM**